829 P.2d 1239

**Eric MAGEARY, ADOC # 33417, Plaintiff–Appellee,**

v.

**ARIZONA BOARD OF PARDONS AND PAROLES, a political subdivision of the State of Arizona, Arizona Department of Corrections, a political subdivision of the State of Arizona and State of Arizona, Defendants–Appellants.**

**No. 1 CA–CV 90–444.**

Court of Appeals of Arizona, Division 1, Department D.

Feb. 4, 1992.

Redesignated as Opinion March 25, 1992.

Review Denied June 2, 1992.

Gilcrease & Martin by James C. Martin and Timothy J. Ryan, Tempe, for plaintiff-appellee.

Grant Woods, Atty. Gen. by Timothy B. Trask, Asst. Atty. Gen., Phoenix, for defendants-appellants.

OPINION

The court has considered this appeal, Presiding Judge John F. Taylor and Judges Rudolph J. Gerber and Melvyn T. Shelley, retired, participating.

One of the conditions of appellee's (Mageary) parole was to submit on demand to drug screening. On July 3, 1989 his urine tested positive. Based on two tests of the same sample a warrant issued for Mageary's arrest. The Department of Corrections (DOC) was advised by Mageary's attorney that he wished to be provided with a portion of the urine sample for independent analysis. No objection was made. Subsequent to this request, the DOC sent the sample to a laboratory in California for further testing, which also proved positive. The remaining amount of urine was re-

turned to the laboratory of Mageary's choice. This laboratory informed Mageary's attorney that not enough remained of the sample for further testing.

After a parole revocation hearing where Mageary's attorney had the opportunity to question the procedures involved in procuring the test results, Mageary's parole was revoked.

Mageary brought a special action asking that the petition to revoke his parole be dismissed on the basis that his due process rights had been violated by the state's failure to provide him with a urine sample sufficient to allow independent testing. He also challenged the chain of custody and asked for an award of attorney fees.

The superior court found a violation of Mageary's constitutional rights because of the denial of the opportunity to procure an independent urinalysis. It remanded the case for a new revocation hearing. The court further found no chain of custody violation. Attorney's fees were awarded to Mageary.

The appellant, Arizona Board of Pardons and Paroles (Board), raises three issues on appeal:

(1) appellee has no constitutional right to an independent urinalysis;

(2) there is no evidence before this court to conclude that appellee's due process rights were violated;

(3) the court erred in awarding appellee his attorney's fees.

Analysis of the first issue begins with *Morrissey v. Brewer,* 408 U.S. 471, 480, 92 S.Ct. 2593, 2600, 33 L.Ed.2d 484 (1972), where the court held that "the revocation of parole is not part of a criminal prosecution and thus the full panoply of rights due a defendant in such a proceeding does not apply to revocation."

The appellee complains that he was denied due process because the lack of an independent test of his urine impaired his ability to impeach the state's evidence. The United States Supreme Court addressed a similar issue in *California v. Trombetta,* 467 U.S. 479, 488, 104 S.Ct. 2528, 2533, 81 L.Ed.2d 413 (1984), where

defendants claimed that preservation of breath samples would have enabled them to impeach the incriminating test results. The Court held that the failure to preserve breath samples did not violate the due process clause of the federal constitution because:

> ... the evidence to be presented at trial was not the breath itself but rather the Intoxilyzer results obtained from the breath samples.... The constitutional duty of the states to preserve evidence is limited to evidence that might be expected to play a significant role in the suspect's defense and the evidence must possess an exculpatory value that was apparent before it was destroyed ... *Id.* at 489, 104 S.Ct. at 2534.

The court adds that even if the results "were inaccurate and that breath samples might therefore have been exculpatory, it does not follow that respondents [defendants] were without alternative means of demonstrating their innocence ... without resort to preserved breath samples." *Id.* at 490, 104 S.Ct. at 2534.

Mageary, we note, was afforded the opportunity to question witnesses. The alternative procedures mentioned in *Trombetta* were available. Mageary did not attack the procedures and gave no indication that he had reason to believe that the earlier tests were in error.

Inasmuch as *Trombetta* holds that there is no due process right to preservation of a possibly exculpatory sample, a parolee is not entitled to greater rights than a criminal defendant with regard to such a sample.

Similarly, the U.S. District Court in *Pella v. Adams,* 723 F.Supp. 1394 (D.Nev.1989) held that prison officials may deny an inmate's request for an independent urinalysis. The District Court concluded that the plaintiff in *Pella* was accorded sufficient due process by the two different methods of testing that were performed. We note that the specimen here was also subjected to two different test methods.

On the authority of these cases, we find no violation of due process in the state's

failure to preserve a urine sample for independent retesting. The urine sample is sufficient evidence to justify revocation of parole. The appellee was not entitled to the relief granted by the trial judge. We set aside the entire order of July 16, 1990, including the fee award, and reinstate the Board's decision revoking appellee's parole.

NOTE: The Honorable Melvyn T. Shelley, a retired judge of the Court of Appeals, has been authorized to participate in this matter by the Chief Justice of the Arizona Supreme Court, pursuant to Ariz. Const. art. VI, § 20.